**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 22-4601

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ASHLEY NICHOLE KOLHOFF,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:21-cr-00158-LMB-1)

─────────────

Submitted:  August 18, 2023                          Decided:  October 3, 2023
                        Amended:  March 7, 2024

─────────────

Before AGEE and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Christopher B. Amolsch, LAW OFFICES OF CHRISTOPHER AMOLSCH, Reston, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Seth M. Schlessinger, Assistant United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashley Nicole Kolhoff appeals from her convictions for production and distribution of child pornography. On appeal, Kolhoff contends that the images at issue do not depict sexually explicit conduct and, thus, her convictions under 18 U.S.C. §§ 2251(a) and 2252(a) were improper. We affirm.

In September 2020, Ashley Nichole Kolhoff created an account at "Rapey.su," a website dedicated to the sexual exploitation of children, including the production and dissemination of child pornography. Adopting a moniker on the Rapey website, Kolhoff produced nude images of a female minor and distributed them to numerous other Rapey users. These photographs included close-up images of the minor's genitals and anus, in which Kolhoff used her hand to spread apart the minor's labia or to expose the minor's anus to the camera. The presentence report described the photographs without objection as follows:

> A few of the files included images of a close-up view of [a minor] female's vagina being spread/manipulated by two fingers; [a minor] female laying on her stomach without pants/diaper while what appears to be an adult hand spreads the buttocks, exposing the [minor] female's anus. During an interview of the defendant, law enforcement observed on the defendant's right hand two distinct freckles that were visually consistent with freckles seen on the right hand of the individual manipulating the [minor] female's vagina and anus.

(S.J.A.* 511).

---

* Sealed Joint Appendix

2

Kolhoff waived her right to a jury trial, and the matter proceeded to a bench trial. At the conclusion of the evidence, the district court directed the parties to submit briefing addressing the factual disputes highlighted at trial. Kolhoff filed a motion for judgment of acquittal, averring that the photographs were not "lascivious" within the meaning of 18 U.S.C. § 2256(2)(A), because the images did not depict overt sexual activity. The court rejected Kolhoff's arguments, finding that

> these images would qualify as lascivious depiction of the child's genitals by themselves, and then when you put them into the context of the exchange of emails, there can be no question in my mind that that would qualify as child pornography, and there's no question that the defendant produced those images and did so with the intent to distribute them.

(J.A. 335). The court found Kolhoff guilty of both charges. Kolhoff timely appealed.

A person is guilty of producing child pornography under 18 U.S.C. § 2251(a) if she "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." A person is guilty of distributing child pornography under 18 U.S.C. § 2252(a)(2) if she distributes a visual depiction that "involves the use of a minor engaging in sexually explicit conduct." "Sexually explicit conduct," as used in § 2251(a) and § 2252(a), means "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A). The parties agree that the only way the photographs in this case could constitute a depiction of sexually explicit conduct is under § 2256(2)(A)(v).

3

We have explained that "lascivious exhibition" means "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019). A mere picture of genitals is insufficient on its own to be lascivious, but the court may consider the context of the pictures when determining whether they were designed to sexually stimulate the viewer(s). *United States v. Cohen,* 63 F.4th 250, 256 (4th Cir. 2023) (holding that pictures of erect penis are not lascivious as a matter of law, but the fact that the pictures were "exchanged in the context of a sexual conversation with no other conceivable purpose" was appropriately considered by the district court and supported a finding of lasciviousness), *petition for cert. filed* (June 20, 2023); *see also See United States v. Donoho,* __ F.4th __, 2023 WL 4992866, *7-*9 (7th Cir. Aug. 4, 2023) (holding that defendant's intent in creating images was relevant to determination of whether image was lascivious); *United States v. Boam,* 69 F.4th 601, 613 (9th Cir. 2023) (finding that motive of photographer and intended response of viewer are relevant to finding of lasciviousness); *United States v. Johnson*, 639 F.3d 433, 440-41 (8th Cir. 2011) (noting that "even images of children acting innocently can be considered lascivious if they are intended to be sexual").

Kolhoff's appellate claim is foreclosed by *Courtade* and *Cohen*. The photographs in this case were staged to focus on the minor's genitals and anus and involved manipulation of the minor's body so that these body parts would be more visible. In addition, the photographs were taken and shared for the purpose of sexually stimulating the persons in the Rapey chatroom by showing the minor's genitals. Accordingly, the

4

district court correctly found that the photographs depicted sexually explicit conduct under the meaning of § 2251(a).

Accordingly, we affirm Kolhoff's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*